We are here to hear the arguments in United States v. Lee. Mr. Henderson. Thank you, Your Honor. May it please the Court, and our thanks to the Court for its flexibility in this case. This is due process in Rule 32.1, provide that a defendant facing revocation receive written notice of the alleged violation of supervised release. And there are a few cases out there trying to nail down what notice is necessary. The government and we have cited essentially the same cases and both said they support our sides, but we're on different sides. So I think it's important to kind of go back to basic principles. But can I ask you this? Reading this record, and I'm happy for you to tell me I'm wrong about this, but it looked to me, once we get to the revocation hearing, that Mr. Lee was perfectly aware of what violation number two, that March 25th violation, was all about. I didn't detect a hint of his, either he or his lawyers, saying, what? You're talking about this? We haven't had time to prepare? And that's what leads us to the fact that there's no objection, and thus I think puts us on plain error review. But if I thought that this on or about March 25th assault and battery South Bend police report really left him in the dark, I would be very worried about that. But I don't see a sign of it. Well, what worries me is, as a defense lawyer, the basics of our adversarial system are that we know what we're charged with, and there are essential elements that the government has to prove. At a trial, it's beyond a reasonable doubt here, it's by preponderance of the evidence. And a successful defense is not, I didn't do it. A successful defense is the government has failed to prove an essential element of the offense they've alleged. And in this case, we don't know what those elements are. We know generally what the incident was. And I think the Ninth Circuit analyzed a similar situation in Javier and basically said, you know, there's no confusion over what the factual incident is. Well, and there's no confusion at all here. I mean, at the revocation hearing, the government calls four different witnesses about this altercation between Lee and Pulliam. Now, actually, maybe you can answer one thing for me. Are South Bend police reports, public documents, was there, I don't know if you were defense counsel or not, but is there a way for defense counsel, if they wanted to, to follow up and get report number 144162? I'm not aware. I don't think it was made part of the district court record. I got it from trial counsel. He faxed it over to me. So trial counsel somehow got it in time for the revocation hearing? Do we know that? Right. And we're not disputing that we knew what the factual incident was. It's just that the legal theory behind the government's prosecution was amorphous. But in terms of the, I mean, it's a limited universe of possibilities, right? I mean, it's not everything is possible. It's a limited universe. And you also knew, or defense counsel at the trial court also knew, that it was a grade A violation, which meant it had to be a crime of violence. So that even limited the universe further, didn't it? Well, again, and that's probation saying we think it's a grade A violation. The Indiana Battery Statute has any number of ways to commit either a felony or a misdemeanor. And each particular felony is going to have a separate essential element of the offense. Let me go back to something. You said that's probation. The petition is always going to be from probation. It's never going to be from the government. Right. And I guess the reason I say that is I think that, and the courts noted this, I think, in the past couple of years with supervised release. A lot of the problems we see are probation are not lawyers. They are very well versed in the guidelines. And they're professional guideline writers in terms of pre-sentence reports, et cetera. But when probation says that it's a particular violation, sometimes they're wrong. Sometimes they say, well, we think this is a crime of violence when you look at the categorical. But that's true of any charge. The charge is made. Sometimes it's right, sometimes it's wrong. You're at least on notice of what they thought it was. And the notice, again, the notice is always going to come from probation. It's never the government that does this. It's always probation that does it, that serves the notice of a violation. Right. So even if we narrow the universe to felonies, there are, I think, 20 or 30 ways to commit a felony battery in Indiana. And all we're told is that this is assault and battery. See the police report. But if you've got the police report, which describes at least what one would assume the government's going to try to prove, how is it exactly that the defendant was actually prejudiced? Well, he introduced evidence on his own volition of an essential element of one of the felonies. I mean, he doesn't know what the target is. What's the essential element that I'm trying to negate? Is it deadly weapon? You know, one thing that didn't really come out in the hearing, but is on the police report, is that this wasn't a Louisville Slugger kind of bat. It was a small souvenir wooden bat. So maybe that can be brought out if we know that the essential element is deadly weapon. Now, we might lose that, but that's a defense. If it's serious bodily injury, maybe there's more inquiry into how serious were these injuries, more examination on that front. But if it's just he did something wrong, he committed a battery. See, I guess what I'm missing here, though, is that, I mean, I hear what you're saying. You say that, well, he might have, you know, if he knew that it was choice 14 as opposed to choice 16, he might have done something different. But if what you're asking for is actually the way it were done, we all know that probation wouldn't just charge one. They'd charge all of the, what you might call in another context, lesser-includeds. They'd charge all of the variations. And Mr. Lee wouldn't have been any better off than he was now. Well, but he would have had due process. But I don't see why he didn't have due process as it was. I mean, he's told the day, he's told it's assault and battery. He's given the police report. He reads the police report. He sees the incident that they're worried about. And I have yet to hear, you know, maybe he can argue about big baseball bats or small baseball bats or, you know, Pulliam recants, you know, so he actually, for whatever reason she recants, whether he got to her or whether she thought better of it, I don't know. But I just, I don't see where having the Ninth Circuit's rule, which is a more precise statutory citation, would move him ahead. He still would have to, you know, make all of the same strategic decisions that he's made here. Right, and again, you know, our argument is that any criminal prosecution, Mr. Lee's in prison for four years because of this. This is a criminal prosecution. In a criminal prosecution, if you're charged with something that can send you to prison,  I think that's just a basic principle of our American criminal system. You know, if this had appeared on an indictment in a criminal case, I mean, this would have been laughed at. Right, I mean, of course, this is revocation of supervised release. And so, you know, the due process concerns, I really think that the process is every defendant knows exactly what they're charged with, not the factual incident, because, you know, the prosecutor has the discretion to figure out what they want to charge with. Yeah, but didn't Mr. Henderson, in this particular case, the defense counsel kind of acknowledge, regardless of what type of assault would be labeled, that his defense was the recantation of bullying? Right. So, I mean, that doesn't seem to me to suggest a counsel unaware of the range of possibilities for this case. I mean, you may be arguing for a more strict standard. That's why you speak at the Ninth Circuit. But in this case, I'm not suggesting harmless error at this point, but don't we have from counsel an indication that the counsel was aware of the elements, so to speak? Because he speaks of it could be. Right, it could be, right? Well, but so I assume he's felt that all those elements have been addressed in the facts given to him, that's all. You know, and again, I guess our objection really is that this is the government's burden to allege a certain discrete number of elements that a defendant is alleged to have committed. And the defense burden is not to select, well, here's the situation, let me pick out a crime and try to defend against that. That's not our burden. But we're not talking about insider trading or securities fraud here. We're talking about, as Judge Cannelli said, kind of a limited range, isn't it? I mean, the battery set, you know, I guess I think that words matter. And I think that the words that we use in documents and, you know, in pleadings matter, especially when liberty is at stake. You know, and even in the government's brief, they say, you know, the defendant was perfectly aware of what he was being accused of committing, assault with a deadly weapon. Well, that's not an offense in Indiana. Now, you know, common sense is, okay, well, I can probably figure out if I consult the code and I consult this and that. But a defendant's entitled to more than that, I think. I think they're entitled to a precise delineation of what exactly they're accused of. Are you calling for us to suggest there may be a bill of particulars that can be demanded by defense counsel? Or do you want a rule that says that we must specify the exact statute that's violated? I think that the rule needs to be, and this may just be for future cases, but I think the rule needs to be the defendant should be able to objectively or reasonably be able to ascertain the elements of the offense, the essential elements of the offense. I think that's what due process requires. And, you know, we've noted, you know, Rule 32.1, we might want to stay away from the edge of due process, right, the edge of the Constitution. Rule 32.1 might be, you know, as an appellate court directing the district courts, you might say you should provide the statutory citation. But I think due process at least requires the essential elements. Only the Ninth Circuit, however, has gone that far. Well, but if you look at the other circuit cases, I mean, it's mostly fact-driven. I mean, our circuit has just said, you know, we want to make sure you're aware of all of the facts. That's the Kirtley case. Right, but they cited the statute in Kirtley, so that wasn't really an issue. Okay. Well, I think you probably need to. Sure. Thank you.  Mr. Schaffer. Good afternoon, Your Honors. May it please the Court, Frank Schaffer on behalf of the United States. First, let me thank the Court for my granting my late continuance last week. Some things were outside my control. Mr. Henderson, thank you also. Mr. Court, no, a double accident with semis on 94 coming in on my way here today, so I was wondering if I was going to make it. Jinxed. Goodness. Well, I'm glad you're here in one piece, or you at least appear to be here in one piece, so that's good. I walked in, I think, at 10 of 4. But thank you for your consideration last week. I appreciate that. In fact, my wife was supposed to be here, but she's parking to get me in here. We believe from what we found in our brief and from the actions at the lower court with Judge Miller that everything was done properly here. The cases we've cited obviously lay out if notice is adequate, if specific conditions are noted to be violated, a general date of the violation and the basic facts laid out. Here, the date was listed exactly in the violation, listed as an assault battery with a report number. I can tell the court that the actual report was proffered to defense counsel prior to the probable cause hearing. In fact, then at the probable cause hearing, they stipulated the probable cause. So counsel had the report some days before this revocation hearing? I'm sorry, Your Honor? Counsel had the report some days before the actual revocation hearing? They had it before the probable cause hearing. Even the probable cause hearing. And then, in fact, by the time we got to the revocation hearing assault, they had the medical reports, doctor's notes, and nurse's admission forms, which all laid out the exact same story as the testimony laid out by the witnesses in the case. In fact, I had conversations with counsel. The whole issue was Ms. Pulliam, and from the record it was clear where Ms. Pulliam stood. In fact, before we had the probable cause hearing, I knew Ms. Pulliam was recanting, so the issue was where did we go from there? There was never any question from anything that was proffered to defense or from questions from defense to trial what the allegations were. The question was could the government prove what they believed that happened without Ms. Pulliam's testimony, which obviously Judge Mueller believed that we did. So Mr. Henderson stresses that depending on which particular offense the government thinks warrants the revocation, perhaps there are different elements that might need to be proven, and he seems to be urging us to go beyond the Kirtley decision, which really talks about, I think, specificity. Citing a statute is a better practice, it says, but it doesn't say is a practice that has to happen no matter what. So I guess the thing that gets me is that nobody objected to this vagueness or uncertainty at the hearing, so it's my sense that we're on plain error review here. We would agree with the court on that. The first violation that's listed in the report was charged by the state. That's the March 2? That was the March 2. But you're not relying on that anymore? By the time we got to the March 25th case, Ms. Pulliam had recanted from the March 2nd case also. The March 2nd case had no evidence, no injuries that were visible, unlike the March 25th case. So when we decided to go to the hearing, our position was we didn't believe we could carry the burden on the violation number one, but we thought we could on violation two. As to the battery statute in Indiana, Indiana's statute really is fairly simple. A rude, insolent, angry touching causing any kind of pain, including physical pain, is considered an amystomy. From that point on, it is strictly enhancements. Was a weapon used? It's an enhancement. Was a child under 14 present? That's an enhancement. Was there serious bodily injury, such as a broken bone, facial injuries with open bleeding? It's an enhancement. Did someone die? That is an enhancement. So the actual elements themselves are the same until we go to beyond what we consider the basic elements to get us a battery. I'm thinking of other battery statutes I can recall, such as Illinois', and a lot of what you're calling enhancements are easy enough to rule out as well. Was it a pregnant woman? Well, that's not where we are apparently here. So is it your position that it's the defendant's burden to just kind of scan down that list of enhancements and guess as to which one the government is pursuing? No, I would not say that, Your Honor. We made it very clear from day one with the defense it was a deadly weapon, and from the record we discussed that with Judge Miller at the sentencing because he had those exact questions. We had the statute there and we showed him how the statute worked. He looked at it very closely because other evidence that came out in trial was that there was a juvenile there under the age of 14. So there were different ways this could go. From the photographs, the fact that Ms. Pulliam had a CAT scan, there was a chance that it might not even be a deadly weapon. It could have been serious bodily injury. Judge Miller asked me to explain those to him and I did. We, from day one, discussed with defense and from the police reports, it was very clear that the weapon was the angle we thought was the proper fit under the statute. So I understand, Mr. Schaffer. So discussion was had in open court with defense counsel present as to the specific statute? It was at the initial hearing. It was the other conversations were with me and defense counsel outside, not in the courtroom. The court has no other questions for me? I don't think so. Thank you for your patience, Your Honor. Certainly. If you would like one more minute, I know you went over a little bit, but we asked you questions. You may wrap up in a minute, Mr. Henderson. Thank you, Your Honor. I'll just respond to that last discussion. The rule provides that the defendant's entitled to written notice of the violation. Discussions with counsel, that's routine and the parties can be an issue, but Mr. Lee is in prison or in jail and he has one document that says assault and battery. Assault and battery isn't an offense in Indiana. He's entitled to know what exactly he's charged with so that he can assist in his own defense. So with that, if there are no further questions, thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement. Thank you.